168 So. 755

## GULF REFINING CO. OF LOUISIANA v. GLASSELL et al.

No. 33869.

May 25, 1936.

Herold, Cousin & Herold, J. S. Atkinson, and Frederick E. Greer, all of Shreveport, and John E. Green, Jr., of Houston, Tex., for appellant.

S. W. Plauche, of Lake Charles, for appellees.

ROGERS, Justice.

This case is on appeal from a judgment sustaining an exception of no right or

cause of action. The action is petitory in character and involves plaintiff's rights under a mineral lease covering the east half of the southeast quarter of section 2, township 9 south, range 4 west, Parish of Jefferson Davis. Plaintiff obtained the lease from Travers A. Anding, the alleged owner of the property at the time of its execution.

Upon the dismissal of the suit, plaintiff brought another suit, joining its lessor as a party defendant and alleging its right as his obligee to maintain through him the revendication of the land upon which it charges the other defendants are trespassing. This suit was also dismissed on an exception of no right or cause of action, and an appeal from the judgment was taken to this court by plaintiff.

The appellees have filed motions to remand both cases. Appellees, in their motions, allege that on a date subsequent to the rendition of the judgment in its second suit, and prior to the filing of the transcripts of appeal in both suits, the plaintiff assigned all its right, title, and interest in the mineral lease sued on to the Gulf Refining Company, a corporation organized under the laws of Delaware. Copies of the alleged act of transfer are annexed to, and are made part of, the motions to remand. Appellees allege that the assignment of the lease was unknown to them prior to March 3, 1936, on which date the transferee corporation filed in the federal District Court a third suit, in which it seeks the same relief as is sought in the two suits pending in the state courts. Appellees' motions to remand were filed in this court on April 18, 1936.

It is appellees' contention that the assignment of the lease constituted the transfer of a litigious right within the meaning of the pertinent articles of the Civil Code, and that they are entitled to be released from plaintiff's suits upon payment of the price, or value of the consideration of the transfer, to the transferee. It is averred in the motions to remand that the consideration for the transfer is not set forth in the instrument evidencing the transfer, which merely states: "This conveyance to Grantee of all the assets of every character is made in pursuance of that certain plan of reorganization entered into between the Grantor and the Grantee on the 3rd. day of January, 1936, and in exchange for the consideration recited in said plan, the receipt of which is hereby acknowledged by the Grantor."

Alleging that they have tried unsuccessfully to ascertain the consideration for the transfer of the lease, appellees seek to have this case, as well as the other case, remanded in order that in appropriate proceedings they may obtain that information, so that they may avail themselves of the rights granted by articles 2652 and 2653 of the Civil Code.

Answering the motions to remand, appellant contends that the codal articles relied on by appellees are not applicable, because the transfer referred to was not a sale but a conveyance executed in pursuance of a plan to reorganize the plaintiff corporation; that what was done was authorized by Act No. 250 of 1928 (the General Corporation Act), and that its effect is

merely to continue into the universal transferee, Gulf Refining Company, the Delaware corporation, all the rights and actions of the old corporation, Gulf Refining Company of Louisiana; that the only matter in litigation is the ownership of a small strip of land, the validity of the lease not in any sense being at issue.

From what we have said, it is plain that the issue raised by appellees' motions to remand and appellant's returns thereto goes to the merits of the controversy. In the cases now pending on appeal in this court, the issue between the parties arises on the face of the papers, and is whether appellant is the possessor of any rights or actions which it is entitled to enforce. The court below held that it is not. If on the hearing of the appeals this court should maintain that holding, it would seem that quoad the property involved in plaintiff's suits, plaintiff had nothing to transfer, and the transferee took nothing by the assignment. If, on the contrary, this court should find itself in disagreement with the court below, and hold that plaintiff's suits are founded on a valid right or cause of action, the holding would necessitate the remanding of the cases, in which event the issue which the appellees now seek to raise in this court by their motions to remand could be raised in the district court by appropriate proceedings.

For the reasons assigned, the motion to remand filed in this case is denied.

O'NIELL, C. J., absent.